(C.D. 4471)

MEGO CORP. *v.* UNITED STATES

Court No. 69/52771, on toys

(Dated September 27, 1973)

*Allerton deC. Tompkins* for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*Steven P. Florsheim*, trial attorney), for the defendant.

MALETZ, Judge: This action involves the proper tariff classification of merchandise imported from Hong Kong via the port of New

York that was invoiced as "Plastic Bagatelle Game * * *." At trial, after plaintiff had completed the presentation of its evidence, defendant, pursuant to rule 8.3(c), moved for dismissal of the action on the ground that plaintiff had failed to prove a prima facie case. The court, immediately after hearing oral argument, granted the motion. In accordance with rule 8.3(c), the court makes the following findings of fact and conclusions of law in support of its judgment that is hereby entered dismissing the action:

## Findings of Fact

1. The merchandise covered by this action was invoiced as "PLASTIC BAGATELLE GAME, size: 8½″ x 14½″ " and was entered on September 28, 1965, at the port of New York.

2. The plaintiff is the importer of record on the entry under protest.

3. The entry was liquidated on May 16, 1969.

4. (a) Upon liquidation, the imported merchandise was classified under item 737.90 of the Tariff Schedules of the United States as toys and parts of toys, not specially provided for: other, and assessed duty at 35% ad valorem.

(b) The liquidated duties were paid and a timely protest was filed on July 10, 1969.

5. (a) The imported merchandise resembles a miniature pinball machine. It consists of an article with a cardboard base and clear plastic sides and upper surface and is approximately ¾″ x 14″ x 8″ in size. The surface of the cardboard base has a spaceship planet motif depicted on it. Six small plastic balls are provided, which can be projected by a spring mechanism and which, when the merchandise is tilted at an appropriate angle, will land in one of the various numbered slots, or behind one or more of the cylindrical barriers.

(b) The imported merchandise is packed in a cardboard container with the words "Bagatelle Game Toys for Girls and Boys" printed on the front thereof.

(c) The article was designed for use by small children and was sold at retail for 88 cents.

6. Plaintiff claims that the imported merchandise is classiable, alternatively, as:

(i) Bagatelle equipment, other than balls, under item 734.10, at 16⅔% ad valorem;

(ii) Game machines, including games having mechanical controls for manipulating the action, under item 734.20, at 11.5% ad valorem;

(iii) Games played on boards of special design, under item 734.15, at 20% ad valorem;

(iv) Puzzles; game, sport, gymnastic, athletic, or playground equipment; all the foregoing, and parts thereof, not specially provided for, under item 735.20, at 20% ad valorem.

7. (a) Bagatelle is a game played with a cue and usually nine balls on an oblong table having cups and arches at one end.

(b) Plaintiff's proof is insufficient to establish that the merchandise is bagatelle equipment.

8. Plaintiff has offered insufficient proof to establish that the imported merchandise was chiefly used as a game.

9. Plaintiff has offered insufficient proof to establish that the merchandise is a puzzle, or sport, gymnastic, athletic or playground equipment.

10. Plaintiff has offered insufficient proof to establish that the merchandise is not a toy, i.e., not chiefly used for the amusement of children or adults.

## Conclusions of Law

1. The imported merchandise is not bagatelle equipment.

2. The imported merchandise is not a puzzle, nor is it sport, gymnastic, athletic, or playground equipment.

3. Plaintiff has failed to establish, prima facie, that the imported merchandise was chiefly used as a game.

4. Plaintiff has failed to overcome the presumption that the imported merchandise was chiefly used for the amusement of children or adults and therefore was properly classified as a toy.

5. Based on the foregoing, it is concluded that the action should be dismissed. Judgment will be entered accordingly.